IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DINAR CORP., INC. a Nevada corporation and HUSAM TAYEH, an individual, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| STERLING CURRENCY GROUP, LLC, d/b/a DINAR BANKER; TYSON RHAME; FRANK BELL; JORDAN DOE; MATTHEW ADAMS; MARK DILIEO; and JOHN DOE, | : : : : : : | CIVIL ACTION NO. 1:14-CV-0714-AT |
| Defendants. | : : | |

## ORDER

On March 11, 2014, Plaintiffs Dinar Corp., Inc. ("DCI") and Husam Tayeh filed a Complaint in this Court alleging several state law claims including defamation, deceptive trade practices, "false light invasion of privacy," tortious interference with current and prospective business relationships, aiding and abetting or ratification, and conspiracy.  All Plaintiffs' claims arise out of allegedly false, negative statements about Plaintiffs' business, purportedly published online by Defendants who falsely posed as Plaintiffs' disgruntled customers.  Plaintiffs also lodges a claim of false advertising under the Lanham Act § 43(A)(1)(B), 15 U.S.C. § 1125.  Among other forms of relief, Plaintiffs seek a preliminary and permanent injunction.

If the Plaintiffs are in fact seeking a preliminary injunction, they must follow the procedures set out in Rule 65 of the Federal Rules of Civil Procedure and this Court's Local Rules.  Accordingly, the Court will only consider Plaintiffs' request for a preliminary injunction once the Plaintiffs have filed a sufficiently supported Motion for Preliminary Injunction detailing the basis for the relief they seek.  *See* LR 7.4, NDGa.  Plaintiffs are to keep in mind the high standard for obtaining preliminary injunctive relief. *See Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011) ("[A] preliminary injunction in advance of trial is an extraordinary remedy.").[1]  In particular, to warrant such extraordinary remedy, the moving party must show that:

> (1) [it has] a substantial likelihood of success on the merits;
>
> (2) irreparable injury will be suffered unless the injunction issues;
>
> (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and
>
> (4) if issued, the injunction would not be adverse to the public interest.

*Bloedorn*, 631 F.3d at 1229 (quoting *Am. Civil Liberties Union of Fla., Inc. v. Miami–Dade Cnty. Sch. Bd.*, 557 F. 3d 1177, 1193–94 (11th Cir. 2009)).

---

[1] To warrant such extraordinary remedy, the moving party must show that:
(1) [it has] a substantial likelihood of success on the merits;
(2) irreparable injury will be suffered unless the injunction issues;
(3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and
(4) if issued, the injunction would not be adverse to the public interest.
*Bloedorn*, 631 F.3d at 1229 (quoting *Am. Civil Liberties Union of Fla., Inc. v. Miami–Dade Cnty. Sch. Bd.*, 557 F. 3d 1177, 1193–94 (11th Cir. 2009)).

Furthermore, pursuant to Rule 65, the Court may only issue a preliminary injunction on notice to the Defendants.[2]  Thus, should Plaintiffs wish to pursue their request for a preliminary injunction, they are **DIRECTED** to properly serve Defendants with the Complaint and fully supported Motion pursuant to Rules 4 and 5 of the Federal Rules of Civil Procedure.[3]

Finally, Plaintiffs invoke this Court's diversity jurisdiction[4] but have failed to sufficiently allege the citizenship of all parties to allow the Court to assess whether diversity jurisdiction exists.  Accordingly, Plaintiffs are **DIRECTED** to file an Amended Complaint within ten (10) days of the date of this Order more thoroughly detailing the citizenship of every party.  *See Travaglio v. Am. Express Co., et al.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994))); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen."); *V&M Star, LP v. Centimark Corp.*, 596

---

[2] In addition, unless Plaintiffs specifically request and the Court orders expedited briefing, Defendants' time to respond to Plaintiffs' motion, and Plaintiffs' time to file a reply, will run according to the Federal Rules and this Court's Local Rules.

[3] Plaintiffs have not indicated a desire to seek a temporary restraining order, but should they develop such a desire, they must comply with Rule 65(b) of the Federal Rules of Civil Procedure.

[4] Plaintiffs also invoke the Court's federal question jurisdiction, but in the event the one claim that allegedly arises under federal law is dismissed early in the proceedings, the Court may dismiss Plaintiffs' remaining claims absent a separate, independent basis for subject matter jurisdiction.  *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over [state law claims if] . . . the district court has dismissed all claims over which it has original jurisdiction.").

F.3d 354, 356 (6th Cir. 2010) ("[B]ecause a member of a limited liability company may itself have multiple members — and thus may itself have multiple citizenships — the federal court needs to know the citizenship of each 'sub-member' as well." (quoting *Delay v. Rosenthal Collins Grp. LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009))).

       **IT IS SO ORDERED** this 12th day of March, 2014.


**Amy Totenberg**
**United States District Judge**