IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DINAR CORP., INC. a Nevada corporation and HUSAM TAYEH, an individual, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| STERLING CURRENCY GROUP, LLC, d/b/a DINAR BANKER; TYSON RHAME; FRANK BELL; JORDAN DOE; MATTHEW ADAMS; MARK DILEO; and JOHN DOE, | : : : : : : | CIVIL ACTION NO. 1:14-CV-0714-AT |
| Defendants. | : : | |

## **ORDER**

On February 12, 2015, the Court denied as moot in part Plaintiffs' Motion for Preliminary Injunction. The Court held that Plaintiffs' motion for immediate injunctive relief was moot to the extent it sought an order enjoining Defendants from engaging in certain conduct that Defendants have agreed not to engage in during the pendency of this lawsuit. The Court also denied Plaintiffs' motion to the extent Plaintiffs failed to attach sufficient evidence suggesting their entitlement to extraordinary, preliminary injunctive relief or to the extent they

failed to articulate a legal basis for the relief sought. The Court scheduled a hearing to address the remainder of Plaintiffs' motion.[1]

On February 24, 2015, Plaintiffs filed a motion for reconsideration of this Order. Plaintiffs only request is that the Court amend its Order to indicate that Plaintiffs will have an opportunity to seek permanent injunctive relief after trial. Plaintiffs thus ask the Court to allow them to file a motion for preliminary injunction "for the purpose of notifying the Court and the Defendants that Plaintiffs have elected to continue pursuing permanent injunctive relief." (Doc. 132 at 3.) Plaintiffs further ask that the Court set a schedule for the filing and briefing of such motion after the jury makes applicable findings of fact. Plaintiffs apparently fear that they are prohibited from seeking permanent injunctive relief based on the Court's ruling on their Motion for Preliminary Injunction.

Plaintiffs' fear is unfounded and their requests are premature. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Thus, the Court's ruling that a large

---

[1] The Court found no basis to expand the hearing to address the portions of Plaintiffs' Motion for Preliminary Injunction that the Court denied. In particular, on their Motion for Preliminary Injunction, Plaintiffs offered no evidence other than Plaintiff Husam Tayeh's own affidavit, to support their contention that the statement in paragraph 1(F) of their proposed order on preliminary injunction, (Doc. 35-7) — that DCI changed its name to avoid negative publicity and/or consumer complaints — is false. Likewise, Plaintiffs offered no evidence of actual damages, which is required to support their libel per quod claim in paragraph 1(F), 1(G), and 1(H). Finally, Plaintiffs offered no authority for the proposition that a business which clandestinely scopes out its competition violates Georgia law or that the use of negative search engine optimization violates any law. Accordingly, Plaintiffs provided no basis upon which the Court could conclude that a hearing would be necessary or helpful as to these claims. The Court clarifies that, at the preliminary injunction hearing, the Court expects to hear evidence and argument regarding Plaintiffs' claim that Defendants pseudonymously posted negative reviews.

portion of Plaintiffs' Motion is rendered moot by Defendants' agreement not to engage in certain conduct during the pendency of this action has no bearing on Plaintiffs' ability to seek permanent injunctive relief after trial.  Moreover, "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits."  *Id.*  The Court will therefore consider Plaintiffs' requested permanent injunctive relief at the appropriate time. Plaintiffs are also free to raise issues regarding the permanent injunctive relief they seek during the pretrial conference, assuming this case reaches that point.

Plaintiffs' Motion for Reconsideration [Doc. 132] is **DENIED**.

Plaintiffs are **DIRECTED** to notify the Court by 12:00 noon on Friday, February 27, 2015 whether, in light of the Court's clarification here, they intend to pursue their Motion for Preliminary Injunction.

**IT IS SO ORDERED** this 24th day of February, 2015.

_____
**Amy Totenberg**
**United States District Judge**